[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT
The plaintiff has appealed to the Superior Court from a decision by the defendant Administrator, Unemployment Compensation Act denying her benefits. There is no dispute that the plaintiff left her employment to follow her husband, a member of the Coast Guard, who has been re-assigned from Connecticut to Alaska. This is the only reason given in the record for her resignation from employment. As such this does not constitute "good cause" under General Statutes § 31-236 (a) (2) (A).
The identical issue arose in White v. Division of Employment Security,930 S.W.2d 519 (Mo.App. 1996). The court there concluded in affirming the unemployment compensation agency's finding that the plaintiff had voluntarily quit her job: "Relocation of White's husband to Tennessee was not a reason attributable to work or to Aerospace [the plaintiff's employer]; it was attributable to her husband's military orders." She had merely followed her husband to Tennessee. Id. at 519.
The court cannot adopt the plaintiff's suggestion that it await possible legislative action to change the Connecticut law to assist the spouses of service personnel. Rather it adopts the remarks of Judge Maloney in Valentino v. Administrator, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 378583 (November 7, 1990, Maloney, J.) (2 Conn.L.Rptr. 712):
 The plaintiff's real quarrel is with the state legislature. In 1985, it overhauled the unemployment compensation laws and eliminated the right of employees to recover benefits under circumstances such as these. Administrative agencies and the courts are bound to enforce the laws as written, however. Changes in those laws may be effected only by the action of the legislature. The Appeals Referee and the Board of Review properly interpreted and applied the statutes in this case. This court certainly acknowledges, as did those administrative agencies, that the law works a hardship on this plaintiff and others in her situation. Nevertheless, her appeal cannot be sustained under the law as presently constituted.
Therefore the Administrator's motion for judgment is granted.
Henry S. Cohn, J. CT Page 1700
[EDITORS' NOTE: This page is blank.] CT Page 1701